**IN THE COURT OF APPEALS OF IOWA**

No. 24-0719
Filed April 23, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DEVIN ZACHARY WATERS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Dallas County, Thomas P. Murphy,

Judge.

        Devin Waters appeals his conviction and sentence for domestic abuse

assault causing bodily injury.  **AFFIRMED.**

        Gary Dickey of Dickey, Campbell, & Sahag Law Firm, PLC, Des Moines, for

appellant.

        Brenna Bird, Attorney General, and Linda J. Hines, Assistant Attorney

General, for appellee.

        Considered without oral argument by Greer, P.J., and Langholz and Sandy,

JJ.

**SANDY, Judge.**

Devin Waters appeals his conviction and sentence for domestic abuse assault causing bodily injury, in violation of Iowa Code section 708.2A(1) and 708.2A(2)(b) (2023).  He argues the State presented insufficient evidence to convict him, and the district court abused its discretion in denying his request for a deferred judgment.  Since substantial evidence supports his conviction and the district court did not abuse its sentencing discretion, we affirm.

## I.      Background Facts and Proceedings

An officer from the Perry Police Department arrived at the home of Christy Waters after being "dispatched to a disturbance call at th[e] residence" on December 15, 2023.  Upon the officer's arrival, Waters and Christy, who is Waters's mother, were in front of the house.

The officer spoke with Waters and during that conversation he told the officer he "punched" his mother over a drug dispute.  The officer asked for clarification as to "how he did it" and Waters responded by "demonstrat[ing] a punching combination."  According to the officer, Waters "was coherent to what was going on, and he seemed to understand my questions and had no issues answering them.  So he appeared to be in a normal state" and not confused.  This conversation was captured on body cam.

The officer then spoke to Christy, who "appeared to be in distress."  She had a laceration "on her right cheek/cheekbone area—that was actively bleeding."  The officer arrested Waters for domestic abuse assault.  Waters was charged by trial information with domestic abuse assault causing bodily injury and pleaded not guilty.

At trial, Waters argued he acted without the requisite intent under Iowa law. Waters has been diagnosed with schizophrenia and bipolar disorder, which he has struggled to effectively manage with medication. His mother has advocated that he use the "indica" strain of cannabis to assist him in staying calm, and she testified that it had positive effects during his manic states.

On December 11, his mother had bought some cannabis without his request to do so. Waters told her it did not help and made "things worse sometimes." His mother then left for her job as a truck driver and returned on December 15. Shortly after her return, Waters again mentioned he did not want the cannabis. After arguing with her over the topic, he retreated to his bedroom, "slamm[ing] his [bedroom] door." His mother testified she had not seen him act like that before and asked if there was something they needed to discuss. Waters told her he "hates" her, and she said in response that, "if you hate me, go somewhere else and live. And he just came to punch me." She added that he has "never been violent before." Water's testimony largely corroborated this testimony.

Following trial, a jury found him guilty as charged, and the district court sentenced him to one year in jail with credit for time served and one year of probation.

Waters now appeals.

## II.    Standard of Review

We review challenges of the sufficiency of evidence for corrections of errors at law. *State v. Serrato*, 787 N.W.2d 462, 465 (Iowa 2010). "A guilty verdict must be supported by substantial evidence." *Id.*

We review challenges to a district court's sentence for abuses of discretion. *State v. Adams*, 554 N.W.2d 686, 692 (Iowa 1996).

**III.    Discussion**

Waters raises two issues on appeal.  He argues the State presented insufficient evidence to convict him, and the district court abused its discretion in denying his request for a deferred judgment.

*A. Sufficiency of Evidence*

Waters contends the "evidence was insufficient to establish that [he] acted with the required intent" under Iowa Code section 708.2A(1) and (2)(b).  Domestic abuse assault is a specific intent crime.  *State v. Fountain*, 786 N.W.2d 260, 265 (Iowa 2010) ("[T]he crime of assault includes a specific intent element.").  Assault "require[s] an action done with the 'intent to achieve some additional consequence so as to qualify as a specific-intent crime.'"  *Id.* at 264 (citation omitted).  That action must be intended "to cause pain or injury to the victim."  *Id.* at 265.

> The jury here was instructed on specific intent:
>
> "Specific intent" means not only being aware of doing an act and doing it voluntarily, but in addition doing it with a specific purpose in mind.
> Because determining Mr. Waters' specific intent requires you to decide what he was thinking when an act was done, it is seldom capable of direct proof.  Therefore, you should consider the facts and circumstances surrounding the act to determine Mr. Waters' specific intent.  You may, but are not required to, conclude a person intends the natural results of his acts.

Waters argues he did not have specific intent because his mother testified that when he hit her, "It didn't look like [Waters].  It was, like, kind of like a blank stare." Based on his lack of prior violent acts, his mother surmised that "I don't think he

even realized what was happening." Waters testified that his "emotion" caused him to hit his mother.

We do not find Waters's lack of visible emotion while assaulting his mother to be helpful to his specific-intent argument. Waters mentions that he suffers from schizophrenia and bipolar disorder, vaguely gesticulating that those conditions prevented him from exercising specific intent—without ever expressly stating so. But he fails to specifically describe how these conditions affected him in the moment of the assault.

And the evidence of Waters's specific intent comes from his own mouth. On the night of the assault, he told the responding officer "[she] told me to get the fuck out—I start swinging." When asked what he meant by that, Waters clarified "I punched her four times" and made four distinct punching motions. So, directly after the incident, Waters could recall the specific conversation leading to the assault, the specific words spoken by his mother to trigger the assault, the specific number of times he punched her, and the specific method with which he punched her. A reasonable trier of fact could have found the State presented sufficient evidence of Waters's specific intent.

*B. Sentencing*

Waters argues his lack of a significant criminal history and his mental health issues necessitated the court's grant of his request for a deferred judgment.

Iowa Code section 907.5(1) requires that, "[b]efore deferring judgment, deferring sentence, or suspending sentence, the court first shall determine which option, if available, will provide maximum opportunity for the rehabilitation of the defendant and protection of the community from further offenses by the defendant

and others." In making that decision the court shall consider the defendant's age, "prior record of convictions and . . . deferments of judgment," employment and family circumstances, "mental health and substance use disorder history and treatment options available in the community and the correctional system," the "nature of the offenses," and other appropriate factors. *Id.*

Here the district court found the following:

> I've considered Mr. Waters'[s] age, what little I know of his prior record, his family and employment circumstances, and I've considered the nature of the offense. I saw the testimony at trial, and I saw the video at trial.
>
> I must consider what I do in light of protection of the community from further offenses by Mr. Waters, and the sentence that provides Mr. Waters the maximum opportunity for rehabilitation.
>
> I've considered that Mr. Waters needs some mental health treatment.
>
> I do not think a deferred judgment is warranted. It would unduly depreciate the nature of the offense, in the fact that you knew that you had a problem, Mr. Waters, and you chose not to take medication.
>
> So when you punched your mother, when she was trying to do something nice for you, you were either mentally ill or you were a born-again jerk. And I'm going to give you the benefit of the doubt and attribute it to your mental illness. But you did not get so far as to have an insanity or a defense where you're incapacitated.

Waters cites his history of mental illness and lack of criminal history as mitigating factors. But the court did expressly consider these factors and found them mitigating—stating it was "giving [Waters] the benefit of the doubt." But the existence of mitigating factors does not deprive the district court of its substantial discretion, which is "cloaked with a strong presumption in its favor." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). The district court considered all the required factors when sentencing Waters and found that any mitigating factors

failed to outweigh the seriousness of his assault on his mother.  The district court did not abuse its discretion in declining a deferred judgment.

**AFFIRMED.**